# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AUSTIN VOLPI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. N25C-08-232 FWW |
| v. | ) | |
| | ) | |
| WESTPORT INSURANCE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: November 28, 2025
Decided: February 18, 2026

*Upon Defendant Westport Insurance Corporation's Motion to Dismiss the Complaint,*
**DENIED.**

## ORDER

Jason D. Warren, Esquire, SHELSBY & LEONI, 331 Main Street, Wilmington, DE 19804, attorney for Plaintiff Austin Volpi.

C. Scott Reese, Esquire, COOCH AND TAYLOR, P.A., 1000 N. West Street, Suite 1500, Wilmington, DE 19801, attorney for Defendant Westport Insurance Corporation.

**WHARTON, J.**

This 18th day of February 2026 upon consideration of Defendant Westport Insurance Corporation's ("Westport") Motion to Dismiss the Complaint ("Motion"),[1] Plaintiff Austin Volpi's ("Volpi") Response in Opposition,[2] Westport's Reply Memorandum in Support of its Motion,[3] and the record in this case, it appears to the Court that:

1.      Volpi filed a complaint for damages against Rehoboth Marina Ventures, LLC ("the Marina") and Jacob Singer on August 28, 2023.[4]  The Complaint arises from a boating accident that occurred on August 26, 2022.[5] Volpi was a passenger on a watercraft that was rented from the Marina located in the Rehoboth Bay.[6]  Jacob Singer was piloting the vessel at the time of the incident.[7]  Volpi alleges that while the passengers congregated to take a photograph, he fell off the vessel and then was struck by the propellor and suffered injury.[8]  Volpi further alleges that the Marina's failure to train Singer is the reason Singer left the boat in gear causing the propellor to continue

---

[1] Def.'s Mot. to Dismiss, D.I. 9. ("MTD")
[2] Pl.'s. Resp. to MTD, D.I. 11.
[3] Def.'s Reply to MTD, D.I. 12.
[4] Compl., D.I. 1. *See also, Volpi v. Marin Ventures, LLC and Jacob Singer,* C.A. No.: S23C-08-035 RHR.
[5] Compl. at ¶¶ 7-9.
[6] *Id*.
[7] *Id*.
[8] *Id*.

running when he stepped away to take the picture of the passengers,.[9] The tort action against the Marina and Singer has been stayed pending resolution of this action.[10]

2.      Westport Insurance Company is a Missouri Corporation that is licensed to issue and provide insurance in the state of Delaware and issued a liability policy to the Marina.[11] Westport denied coverage to the Marina and Singer for the incident.[12] Volpi brought this declaratory judgment action in which he seeks to force Westport to defend and indemnify the Marina and Singer in the underlying action.[13]

3.      Westport moves to dismiss Volpi's Complaint under Superior Court Rules 12(b)(1) and 12(b)(6) for lack of standing.[14] According to Westport, Volpi, as an injured third party, may not bring a direct action against the tortfeasor's insurer absent a recognized exception.[15]

4.      Volpi responds that he has standing because he is an intended insured under the Marina's policy with Westport ("the policy"), or, at

---

[9] Pl.'s. Resp. to MTD at 2.
[10] *Id*. at 3.
[11] Compl. at ¶¶ 2, 6.
[12] *Id.* at ¶¶ 13-15.
[13] *Id.* at ¶¶ 18-21.
[14] Def.'s MTD at 1.
[15] *Id.*

minimum, he is an intended third-party beneficiary.[16]  He points to the insurance agreement and the policy's medical payments provision that pays medical expenses for bodily injury occurring, among other circumstances, on insured watercrafts, regardless of fault.[17]  The relevant sections of the policy are Coverage A and Section D:

> COVERAGE A: BODILY INJURY AND PROPERTY DAMAGE LIABILITY
> 1.    INSURING AGREEMENT
> a.   We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the Insured against any "suit" seeking those damages.  However, we will have no duty to defend the Insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.[18]
>
> SECTION D: MEDICAL PAYMENT
> 1.    INSURING AGREEMENT
>         a. We will pay medical expenses as described below for "bodily injury" caused by an accident:
>                 (1) On premises you own or rent;
>                 (2) On ways next to premises you own or rent; or
>                 (3) Because of your operations; provided that:
>                         (a) The accident takes place in the "coverage Territory" and during the Policy period;
>                         (b) The expenses are incurred and reported to us within one (1) year of the date of the accident; and

---

[16] Pl.'s. Resp. to MTD at 4.
[17] *Id*. at 5., Compl. at ¶10.
[18] Pl.'s. Resp. to MTD at 4., Ex. A at 2., Compl. at ¶10.

> (c) The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.
> (4) On "insured watercraft"
> b. We will make these payments regardless of fault.[19]

Volpi contends that as a business invitee aboard the insured watercraft when injured, he is entitled to medical payments as referenced in Section D, reinforcing that he is an intended insured or third-party beneficiary.[20] He has not received any medical payments to date.[21]

5.      Volpi further notes that passengers were required to execute a policy-related waiver.[22]

> Prior to embarkation or boarding or participating in any rental activity, the renter and each passenger will be required to sign the appropriate BOAT RENTAL RELEASE (hereinafter "Release") form provided by you and agreed upon by us. In the event a passenger is less than 18 years of age, his or her parent or (adult) legal guardian must sign the appropriate Release where allowed by state law.[23]

---

[19] Pl.'s. Resp. to MTD at 4-5., Ex. A at 8.
[20] Pl.'s. Resp. to MTD at 5.
[21] *Id.*
[22] Compl. at ¶ 11.
[23] *Id.*

He states that Westport's denial turns on the Marina's failure to obtain such a waiver.[24] Westport does not address this argument or the waiver in their briefing.

6.     Westport frames the declaratory judgment as an impermissible direct action and seeks dismissal. Westport argues that under *Rodriguez v. Great American Insurance Co.*,[25] an injured plaintiff lacks standing to bring a direct action against a tortfeasor's insurer, subject only to three exceptions—assignment, intended third-party beneficiary, or subrogation—none of which, Westport says, apply here.[26] Westport maintains that the Marina is the insured, not Volpi, and that Volpi's status as a passenger or business invitee does not confer insured status or third-party beneficiary rights.[27]

7.     A motion to dismiss for failure to state a claim pursuant to Superior Court Rule 12(b)(6) will not be granted if the "plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[28] The Court's review is limited to the well-pled allegations in the complaint.[29] In ruling on a 12(b)(6) motion, the Court "must

---

[24] Pl.'s. Resp. to MTD at 4-5.
[25] 2022 WL 591762, at *7 (Del. Super. Feb. 23, 2022).
[26] Def.'s MTD at 3.
[27] Def.'s Reply to the MTD, D.I.12 at 2.
[28] *Browne v. Robb*, 583 A.2d 949, 950 (Del. 1990).
[29] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).

6

draw all reasonable factual inferences in favor of the party opposing the motion."[30] Dismissal is warranted "only if it appears with reasonable certainty that the plaintiff could not prove any set of facts that would entitle him to relief."[31] However, the Court will "ignore conclusory allegations that lack specific supporting factual allegations."[32] The Court may, "despite allegations to the contrary," dismiss a complaint "where the unambiguous language of documents upon which the claims are based contradict the complaint's allegations."[33]

8. This Court has the discretion to issue a declaratory judgment provided the case involves an "actual controversy."[34] Four elements need to be satisfied in order to determine an actual controversy is present:

> (1) It must be a controversy involving the rights or other legal relations of the party seeking declaratory relief; (2) it must be a controversy in which the claim of right or other legal interest is asserted against one who has an interest in contesting the claim; (3) the controversy must be between parties whose interests are

---

[30] *Id.*

[31] *Id.*

[32] *Ramunno v. Cawley*, 705 A.2d 1029, 10345 (Del. 1998).

[33] *Tigani v. C.I.P. Assocs., LLC*, 2020 WL 2037241, at *2 (Del. Apr. 27, 2020) (citing *Malpiede v. Townson*, 780 A.2d 1075, 1083 (Del. 2001)).

[34] *XL Specialty Ins. Co. v. WMI Liquidating Trust*, 93 A.3d 1208, 1216 (Del. 2014).

real and adverse; and (4) the issue involved in the controversy must be ripe for judicial determination.[35]

Westport's argument centers around Volpi not being able to meet the first element because the rights at issue are the rights of the Marina and Singer, not his own.[36] Because of this, Westport claims Volpi lacks standing.[37]

9. Delaware law generally prohibits an injured third party from bringing a direct action against a tortfeasor's liability insurer, because courts "do not want an insurer to be prejudiced by a jury's tendency to find the insured negligent or inflate damages based upon an insurers deep pockets."[38] There are exceptions to this prohibition for a valid assignment, intended third-party beneficiary status, or subrogation.[39]

10. Here, Volpi does not allege an assignment or subrogation.[40] He does, however, allege that he is an intended insured on the policy or falls under the third-party beneficiary exception.[41] The complaint and opposition

---

[35] *In re COVID-Related Restrictions on Religious Services*, 326 A.3d 626, 642-43 (Del. 2024) (quoting *Rollins Int'l v. Int'l Hydronics Corp.*, 303 A.2d 660, 662-63 (Del. 1973)).
[36] Def.'s MTD at 3.
[37] *Id.*
[38] *Rodriguez*, 2022 WL 591762, at *5 (Del. Super. Feb. 23, 2022) (internal citation omitted).
[39] *Id.*
[40] *See* Pl.'s resp. to MTD at 4.
[41] *Id.*

reference policy terms supporting this assertion: Coverage A and Section D.[42] Through these sections of the policy, Volpi sufficiently pled that he is intended to be an insured on the policy or a third party beneficiary. Westport does not address either section of the policy and makes no argument as to why those sections do not confer insured or third-party beneficiary status on Volpi.

11. Drawing all reasonable inferences in favor of Volpi and accepting facts as true, it is reasonably conceivable that Volpi was an insured or intended beneficiary under the Marina's insurance policy. Volpi has sufficiently presented proof under the complaint that the policy expressly or impliedly identifies passengers as insureds or intended beneficiaries.

12. Under these circumstances, the Court concludes that discovery and further proceedings will be necessary to evaluate whether Westport and the Marina intended passengers of their vessels to have third party beneficiary rights, if passengers were intended insureds under the policy, or if passengers have no rights under the policy. Dismissal at this juncture would be premature where plaintiff has pled facts that, if proven, could bring him within the intended third-party beneficiary exception or as an intended insured on the policy.

---

[42] *Id.*

13. The stay of the underlying tort action mitigates concerns underlying the prohibition on direct actions, as no jury in the tort case will learn that a source of insurance exists.

14. For the foregoing reasons, Defendant Westport Insurance Corporation's Motion to Dismiss under Rule 12(b)(1) and 12(b)(6) is **DENIED.**

**IT IS SO ORDERED.**

/s/ Ferris W. Wharton<br>Ferris W. Wharton,  J.